EVANDER, J.
Progressive seeks second-tier certiorari review of a circuit court appellate decision reversing a county court order that granted summary final judgment in favor of Progressive. We find that the circuit court properly determined that Joshua Hartley had standing to bring suit against Progressive for alleged non-payment of medical bills and, accordingly, deny the writ.
*120 Progressive issued a policy of insurance to Hartley that provided personal injury protection (PIP) benefits. On March 18, 2003, while this policy was in effect, Hart-ley was involved in a motor vehicle accident in which he suffered personal injuries. Hartley received medical treatment for his injuries from Michael C. Durant, D.C. Upon seeking treatment from Dr. Durant, Hartley executed an assignment of PIP benefits to “Atlantic Coast Chiropractic Clinic.”
From 1993 through 1998, “Atlantic Coast Chiropractic Clinic” was the registered fictitious name for Durant Chiropractic Clinic, Inc. However, in 1998, that corporation failed to renew the fictitious name as required under section 865.09(6)(a), Florida Statutes (1998). Although the fictitious name registration expired in 1998, Dr. Durant’s clinic continued to operate under both the name of Durant Chiropractic Clinic and Atlantic Coast Chiropractic Clinic.
Dr. Durant submitted claims for payment of PIP benefits to Progressive for treatment under the name “Durant Chiropractic Clinic.” Progressive paid some claims and disallowed others submitted for Hartley’s treatment. In November 2003, Dr. Durant executed a document which purported to reassign and transfer to Hartley any and all causes of actions against any insurer to recover PIP benefits. In pertinent part, the document provided:
This document is a reassignment of any and all rights previously assigned by Joshua Hartley to Dr. Michael Durant, for medical expenses or billings from Dr. Michael Durant, as a result of the accident that occurred on or about 3/18/03.
In January 2004, Hartley filed suit in the county court seeking payment of alleged unpaid PIP benefits under the policy. Progressive subsequently filed an amended motion for summary final judgment, asserting that Hartley lacked standing to bring the underlying action. It was Progressive’s position that the purported reassignment of benefits to Hartley from Dr. Durant was ineffective because the original assignment of benefits had been to a corporate entity, not Dr. Durant. The county court agreed and granted Progressive’s motion.
The circuit court reversed, finding that the initial purported assignment of Hartley to “Atlantic Coast Chiropractic Clinic” was invalid because that entity did not exist in 2003 (and apparently at no time thereafter). Therefore, the circuit court concluded that Hartley had retained his right to claim PIP benefits due under his insurance policy.
Progressive contends that pursuant to section 865.09(9)(b), the initial assignment was valid. That section provides that the failure of a business to comply with the fictitious name registration statute does not impair the validity of any contract of such business.[1] While that section may have supported Progressive’s argument if the initial assignment was to Durant Chiropractic Clinic, Inc., d/b/a Atlantic Coast Chiropractic Clinic (notwithstanding a failure to comply with the fictitious name registration statute), it provides no relief to Progressive in the instant case. The fact remains that the assignment was made to a non-existent entity. Further *121 more, if we were to accept Progressive’s argument, no party could bring an action against Progressive for the alleged unpaid PIP benefits. See Sun Coast Health Care Ctr. 1, Inc. v. Progressive Express Ins. Co., 12 Fla. L. Weekly Supp. 803c (Broward Cty. Ct. 2005) (medical care provider who conducts business under unregistered fictitious name lacks standing to bring action against insurer based on assignment from insured to unregistered fictitious entity); see also § 865.09(9)(a), Fla. Stat. (2008) (“If a business fails to comply with this section, the business, its members, and those interested in doing such business may not maintain any action, suit, or proceeding in any court of this state until this section is complied with....”)
We further conclude that Hartley is entitled to an award of reasonable attorney’s fees incurred in the defense of Progressive’s certiorari action should Hartley ultimately prevail in the trial court. See § 627.428(1), Fla. Stat. (2003); Nat’l Union Fire Ins. Co. of Pittsburgh, Pa. v. Brown, 211 So.2d 13 (Fla.1968).
Petition for Writ of Certiorari DENIED.
LAWSON and JACOBUS, JJ, concur.

. Section 865.09(9)(b), Florida Statutes (2003), provides:
The failure of a business to comply with this section does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of such business and does not prevent such business from defending any action, suit, or proceeding in any court of this state....